UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| Gerard Benjamin, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　-v.-<br><br>Resurgent Capital Services L.P.,<br>LVNV Funding LLC,<br><br>　　　　　　　　　　　Defendants. | Civil Action No: 3:22-cv-946<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff Gerard Benjamin (hereinafter "Plaintiff"), a Florida resident, brings this Class Action Complaint by and through his attorneys against Defendant Resurgent Capital Services L.P. (hereinafter "Defendant Resurgent") and Defendant LVNV Funding LLC (hereinafter "Defendant LVNV") (hereinafter collectively "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.　Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692 *et seq*. At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." *Id.*

2. Congress explicitly stated that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged. . ." *Id.* After determining that the existing consumer protection laws were inadequate Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. 15 U.S.C. § 1692k(a). Statutory damages are limited: a plaintiff may recover no more than $1,000, and a class may recover up to $500,000 or 1% of the debt collector's net worth, whichever is less. 15 U.S.C. § 1692k(a)(2)(A)-(B).

## JURISDICTION AND VENUE

4. The Court has federal question jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et. seq*. The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred, Defendants regularly transact business within this District and Plaintiff is a resident of this District.

## NATURE OF THE ACTION

6. Plaintiff brings this class action on behalf of a class of Florida consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

7. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a resident of the County of Flagler, State of Florida.

9. Defendant Resurgent is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) with an address at 55 Beattie Place, Suite 110, Greenville, South Carolina 29601, and is registered to accept service of process at c/o Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

10. Upon information and belief, Defendant Resurgent is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant LVNV is a "debt collector", as defined under the FDCPA under 15 U.S.C. § 1692a(6) with an address at 55 Beattie Place, Suite 110, Greenville, South Carolina 29601, and is registered to accept service of process at c/o Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

## CLASS ALLEGATIONS

12. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:
    a. all individuals with addresses in the State of Florida;
    b. to whom Defendant Resurgent sent correspondence attempting to verify a consumer debt as part of its attempts to collect such consumer debt;
    c. on behalf of Defendant LVNV;
    d. that provides inconsistent amounts as to the balance of the alleged debt;

      e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ l692e, 1692f, and/or 1692g.

17. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms **attached as Exhibit A** violate §§ l692e, 1692f, and/or 1692g.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs number 1 through 20 above herein with the same force and effect as if the same were set forth at length herein.

22. Some time prior to May 18, 2022, an obligation was allegedly incurred to Synchrony Bank ("Synchrony").

23. The Synchrony obligation arose out of a transaction in which money, property, insurance, or services, which are the subject of the transaction, are primarily for personal, family, or household purposes.

24. The alleged Synchrony obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25. Synchrony is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

26. Upon information and belief, Defendant LVNV purchased the allegedly defaulted debt from Synchrony. Therefore, Defendant LVNV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6).

27. Upon information and belief, Defendant LVNV contracted with Defendant Resurgent to collect the allegedly defaulted debt. Therefore, Defendant Resurgent is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6).

28. Defendant LVNV has policies and procedures in place that govern Defendant Resurgent's debt collection practices, specifically with regard to collecting the subject debt, thereby evidencing Defendant LVNV's control over Defendant Resurgent's collection practices.

29. By virtue of the relationship between the two Defendants, Defendant LVNV exercised control over Defendant Resurgent while the latter was engaged in collecting the subject debt on behalf of the former.

30. Therefore, Defendant LVNV should be held vicariously liable for any and all violations committed by Defendant Resurgent.

31. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

### *May 18, 2022 Violation Correspondence*

32. On or about May 18, 2022, Defendant Resurgent, as part of its debt collection attempts related to the instant allegedly defaulted debt, sent Plaintiff correspondence attempting to verify the Synchrony debt. A copy of the correspondence is annexed hereto as Exhibit A (the "Letter").

33. At the top right corner of the first page of the Letter, Defendant Resurgent advised:

Account Number: ************4151
Original Creditor: Synchrony Bank
Current Owner: LVNV Funding LLC
Reference ID: *****9358
Balance: $783.53
Accountholder Name: Gerard Benjamin

34. The Letter begins "[w]e have received a recent inquiry regarding the above-referenced account and have enclosed the account summary which provides verification of debt."

35. At the bottom of the first page of the Letter, Defendant Resurgent states "This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector."

36. The final page included with the Letter is an "Account Summary Report."

37. The "Account Summary Report" provides the following:

Current Account Information
Owner:                          LVNV Funding LLC
Resurgent Reference #:          *****9358
Original Creditor:              Synchrony Bank
Account Number:                 ************4151
Merchant:                       Amazon
Current Balance Due:            $783.53
Date of Last Payment:           12/12/2020

38. The "Historical Account Information" section provides the following:

The Original Creditor for this account was:        Synchrony Bank
                                                   P.O. Box 105972
                                                   Atlanta, GA 30348
The origination date with original creditor was:   07/10/2019
The account charge-off date was:                   07/14/2021
The account charge-off amount was:                 $792.48
The account was acquired on or about:              08/27/2021
The account balance at time of acquisition:        $792.48

39. This seems to clearly indicate that the account balance at the time of charge-off and later acquisition by Defendant LVNV was $792.48, which directly conflicts with the previously stated balance of $783.53.

40. Therefore, Defendants' alleged verification of the debt demonstrates that there was a lack of evidence to support the initially stated balance of $783.53, rather brings into question to the Plaintiff what the actual balance is.

41. Therefore, Defendants violated the FDCPA by misstating the balance allegedly due.

42. The confusion over the actual amount due is only increased when the Synchrony account statements are reviewed.

43. Specifically, the second page of the correspondence, a Synchrony statement, provides the following breakdown at the top of the page:

**Payment Information**
New Balance:           $0.00
Amount Past Due:       $0.00
Total Minimum Due:     $590.72
Payment Due Date:      7/16/2021

44. The next section of the page, the "Account Summary" provides the following separate breakdown:

**Previous Balance** as of 06/16/2021     $754.48
    Other Credits                  792.48
    Fees Charged                 + 38.00
**New Balance** as of 07/14/2021          **$0.00**

45. The bottom of the page then restates that the "Amount Past Due" and the "Overlimit Amount" were both $0.00 and a total amount due of $590.72.

46. The fourth page Defendants' correspondence provides the following for the "Transaction Detail":

| Date | Reference # | Description | Amount |
|---|---|---|---|
| **Other Credits** | | | **$792.40** |
| 07/14 | ************ | Charge Off Account – Principals | $448.78 |
| 07/14 | ************ | Charge off Account – Interest Charge | $343.72 |
| **Total Fees Charged This Period** | | | **$38.00** |
| 07/08 | | Late Fees | $38.00 |
| **Total Interest Charged This Period** | | | **$0.00** |

| 07/14 | | Interest Charge On Purchases | $0.00 |

47.     When a debt collector solicits payment from a consumer, it must, within five days of an initial communication send the consumer a written notice containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

48.     The FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty-day period … that the debt, or any portion thereof, is disputed… the debt collector shall cease collection … until the debt collector obtains verification of the debt … and a copy of such verification is mailed to the consumer by the debt collector. 15 U.S.C. § 1692g(b).

49. In the instant matter, Defendant Resurgent's correspondence which was intended to represent verification of the debt not only fails to provide proper verification of the debt itself, but furthermore is contradictory and misleading, particularly to the least sophisticated consumer.

50. Specifically, the Letter states that there is a balance due of $783.53.

51. However, that figure is not verified anywhere within Defendants' alleged verification, but is rather specifically contradicted by the information contained therein.

52. The information contained within the Letter and the accompanying alleged verification of the debt, particularly page six of the same, are clearly contradictory and/or misleading.

53. Specifically, the Letter states a balance of $783.53 which is repeated under the "Current Account Information" on the last page. However, the "Historical Account Information" separately indicates a total balance at charge-off and at the time of acquisition by Defendant LVNV of $792.48. Nothing within the Defendant's letter or alleged verification of debt provides any explanation as to how the balance changed from $792.48 to $783.53 when the last payment was made on December 12, 2020 and the debt was allegedly charged-off as of July 14, 2021.

54. Similarly, the statements provided as part of Defendant Resurgent's alleged verification state, multiple times over, that the New Balance is $0.00 and that there is a $0.00 amount past due. Confusingly, despite the "Payment Information" clearly reflecting the same, it also states a "Total Minimum Payment Due" of $590.72. Nowhere within the proofs submitted is an explanation as to how the total amount due is $590.72, particularly when contrasted with the separate contradictory information of no balance due.

55. Furthermore, the "Account Summary" section of the alleged verification states that there was a previous balance of $754.48, along with "Fees Charged" in the amount of $38.00,

while noting an "Other Credit" of $792.48. As the fee of $38.00 added to the alleged previous balance of $754.48 equals the "Other Credit" of $792.48, the alleged verification creates the impression that there is no remaining amount due and owing.

56. Defendant Resurgent's correspondence is misleading and created uncertainty to the least sophisticated consumer because when Defendant Resurgent alleged that it verified the debt, it provided documentation which provided varying statements as to the actual balance.

57. Therefore, Defendant Resurgent's correspondence failed to actually verify the debt, and had Defendant Resurgent properly reviewed the same, it would have ceased collection activities, at a minimum, until the deficiencies in the proofs could be addressed and the total amount due properly verified.

58. As a result, Plaintiff was misled as to the amount that is actually due and owing.

59. The Plaintiff was misled and uncertain by these misleading statements and was unable to ascertain the exact amount owed on the alleged debt, and if over time the debt would change, particularly since the amount alleged to be due and owing at the time of acquisition varied from the amount alleged within the Letter without any explanation as to the same.

60. Similarly, the amount alleged under the balance is not actually reflected within any of the alleged proofs attached to the Letter.

61. Ultimately, there is no way for the least sophisticated consumer to review Defendant's correspondence and determine the true nature and status of the alleged balance.

62. Therefore, Defendants violated the FDCPA.

63. Plaintiff sustained an imminent risk of harm in that he was provided with false information about the alleged debt which prevented him from making reasonable decisions about what he actually owed.

64. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

65. These violations by Defendants were knowing, willful, negligent, and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

66. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

67. Defendants' deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

68. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

69. Plaintiff was uncertain and misled to his detriment by the statements in Defendant Resurgent's correspondence and relied on the contents of the same to his detriment.

70. Plaintiff would have pursued a different course of action were it not for Defendants' statutory violations.

71. Plaintiff was unable to properly evaluate the demand for payment or how to address it.

72. Plaintiff was similarly unable to properly evaluate the alleged verification of the debt at issue.

73. Plaintiff was therefore unable to evaluate his options of how to handle this debt.

74. A consumer such as Plaintiff cannot pay an alleged debt, trusting the debt collector's statements, when it appears that the information stated in Defendant's Letter is incorrect.

75. Because of Defendant's actions, the funds Plaintiff could have used to pay all, or part of the alleged debt were spent elsewhere.

76. Because of this, Plaintiff expended time and money in determining the proper course of action.

77. In reliance on the Letter and alleged verification of the debt, Plaintiff expended time and money in an effort to mitigate the risk of future harm in the form of dominion and control over his funds.

78. Plaintiff's failure to pay the debt arose from the collection Letter and alleged verification of the subject debt itself because Plaintiff believed that it was an attempt to collect inaccurate monies.

79. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of debt collection informational furnishment, and ultimate dissemination, to third parties.

80. Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused the Defendant's furnishment, and the ultimate dissemination, of negative credit reporting to the Plaintiff's financial and reputational detriment.

81. In addition, Plaintiff suffered emotional and physical harm because of Defendant's improper acts, including, but not limited to, fear, anxiety, stress, increased heartrate, and difficulty with sleep.

82. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

83. As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, and conversion,

84. These violations by Defendant Resurgent and Defendant LVNV were knowing, willful, negligent and/or intentional and Defendants did not maining procedures reasonably adapted to avoid such violations.

85. As a result of Defendant's deceptive, misleading, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

86. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered 1 through 85 above herein with the same force and effect as if the same were set forth at length herein.

87. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

88. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

89. The use and mailing of the May 18, 2022 violated the FDCPA in one or more of the following ways:

   a. Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e; and

   b. Making a false and misleading representation in violation of §1692e(10);

  c. Falsely misrepresenting the character, amount, or legal status of a debt in violation of 15 U.S.C. § 1692e(2)(A).

90. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

91. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered 1 through 85 above herein with the same force and effect as if the same were set forth at length herein.

92. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

93. Pursuant to 15 U.S.C. § 1692g, a debt collector:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

a) The amount of the debt;
b) The name of the creditor to whom the debt is owed;
c) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
d) A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
e) A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

94. Defendants violated 15 U.S.C. § 1692g by mailing the May 18, 2022 contained contradictory information as to the true balance of the debt.

95. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated § 1692g *et seq.* for the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

96. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered 1 through 85 above herein with the same force and effect as if the same were set forth at length herein.

97. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

98. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

99. Defendant violated this section by unfairly and contradictorily advising Plaintiff of the total balance being sought and separately by sending documentation with a different balance to the Plaintiff on the same day.

100. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

101. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Gerard Benjamin, individually and on behalf of all others similarly situated demands judgment from Defendant Resurgent and LVNV Funding, as follows:

1. Certifying that this action may be maintained as a class action including, but not limited to, defining the Class and the Class claims, issues, or defenses, and appointing the undersigned counsel as class counsel;

2. Awarding an incentive award to Plaintiff for his services on behalf of the Class;

3. Awarding Plaintiff and the Class statutory damages 15 U.S.C. § 1692k(a)(2);

4. Awarding Plaintiff and the Class actual damages;

5. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses Awarding attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

6. Awarding pre-judgment interest and post-judgment interest; and

7. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  August 31, 2022                                         Respectfully Submitted,

**ZEIG LAW FIRM, LLC**
*/s/ Justin Zeig*
Justin Zeig, Esq.
FL Bar No. 112306
3475 Sheridan Street, Suite 310
Hollywood, FL 33021
Telephone: 754-217-3084

Fax: 954-272-7807  
justin@zeiglawfirm.com  
*Attorneys for Plaintiff*